IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN PAUL COOLEY                                                                    PETITIONER

VS.                              CASE NO. 5:06CV00224 SWW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                        RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of John Paul Cooley, an inmate in the custody of the Arkansas Department of Correction (ADC). In April of 2005, Mr. Cooley entered a negotiated plea of guilty to rape, contributing to the delinquency of a minor, and failing to register as a sex offender. He was sentenced to a term of 120 months of imprisonment. Having entered a guilty plea, a direct appeal of his convictions was not available. Mr. Cooley subsequently filed a motion for postconviction relief pursuant to Rule 37[1]. On September 7, 2005, the trial court denied postconviction relief, specifically finding the following: there was no significant mental problems impeding the petitioner from entering a guilty plea; there was no prosecutorial misconduct in the case; and there was no showing that petitioner's counsel was ineffective. Mr. Cooley did not appeal the trial court's decision. Mr. Cooley now claims in this federal habeas corpus action that he was denied his sixth amendment right to effective counsel in the plea proceedings. In an amended petition Mr. Cooley alleges that the state failed to perform DNA testing and that his counsel was ineffective for failing to seek DNA testing.

Respondent contends that the statute of limitations bars consideration of this petition. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

---

[1] In his most recent pleading (docket entry no. 17), Mr. Cooley denies filing a Rule 37 petition. The trial court 's ruling, however, belies this assertion. See exhibit B to docket entry no. 5.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent notes that judgment was entered in the state criminal cases on April 18, 2005. The respondent contends that the petitioner should have filed his federal petition on or before April 18, 2006. The petition, however, was not filed until August 25, 2006. The respondent urges that the petitioner's failure to act sooner is fatal to this action.

The respondent is correct that the petition is time-barred. The entry of the guilty plea on April 18, 2005, commenced the running of the one year limitation period. Mr. Cooley signed his petition on August 25, 2006. Since *pro se* petitions are deemed filed when tendered to prison authorities for delivery to the Court, it is fair to use August 25 rather than the actual filing date of August 28 for calculation purposes. *Houston v. Lack*, 487 U.S. 266, 273-276 (1988). Even so, the petitioner failed by more than four months to file a timely petition.

We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending. In Mr. Cooley's case, this subsection is of no assistance since his Rule 37 petition was not properly filed in state court. The trial court dismissed the Rule 37 petition because it did not comply with the Arkansas rules governing the width of margins, number of lines per page, and the number of words

per line. Even if we presume the Rule 37 petition were properly filed, it was filed in state court on July 9, 2005, and dismissed by Order dated September 7, 2005. The Rule 37 petition was pending for a period of approximately two months. Even granting a two month allowance to Mr. Cooley for the time during which his Rule 37 petition was pending still does not render his federal habeas petition timely.

The only issue remaining is whether the one-year time period was somehow tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. We find no circumstances to warrant the tolling of the time in this case.

In addition, the respondent contends that the petition is not properly before this Court due to the petitioner's failure to adequately his claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In this instance, the petitioner has filed numerous pleadings, some of which appear to address the issue of procedural default. We find that the claims were not adequately raised in state court. Having entered guilty pleas, no direct appeal was available. Mr. Cooley's Rule 37 petition did not comply with state procedural rules and was dismissed on that basis. In addition, he did not appeal the Rule 37 denial by the trial court. To counter the procedural default, Mr. Cooley argues that he is actually innocent and thus need not demonstrate cause and prejudice. He also faults his trial attorney for many errors, and may fault the trial attorney for impeding his ability to raise claims in state court. Finally, the petitioner contends he was in the county jail and could not comply with the procedural demands for filing a Rule 37 petition because the jail did not have a law library.

We first consider his claim of actual innocence. We are guided by the United States Supreme Court:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Cooley; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. When a petitioner such as Mr. Cooley has entered a guilty plea rather than been found guilty after a trial, it is even more difficult to later demonstrate actual innocence. Here, Mr. Cooley now claims that he was not present when

5

the alleged rape occurred.  This assertion, however, does not fit in the category of "new reliable evidence" that was unavailable at trial.  Indeed, Mr. Cooley of all people would have been aware of an alibi defense had he gone to trial.  Instead, he chose to enter guilty pleas.  Thus, we find he has failed to establish actual innocence as described in *Schlup*.

Mr. Cooley also urges that DNA testing would have exonerated him and that his attorney should have had the testing conducted.  Liberally construing this assertion, Mr. Cooley may be alleging that such DNA testing would establish actual innocence.  The *Schlup* standard requires the evidence be available, and the hope of evidence does not suffice.[2]  We find the petitioner falls far short of establishing actual innocence necessary to avoid the requirement of showing cause and prejudice for failing to advance claims in state court.

Once again liberally construing the pleadings, Mr. Cooley argues that ineffective assistance of counsel prevented him from raising his claims in state court.  "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. 1987).  Mr. Cooley did not properly pursue a claim of ineffective assistance of counsel in state court, and therefore he may not now press this claim to demonstrate cause for his procedural lapse in state court.

Finally, Mr. Cooley alleges he was held in the county jail following his guilty pleas and thus was prevented from filing a Rule 37 petition because the county jail did not have a law library.  These broad allegations do not establish cause under the *Wainwright v. Sykes* analysis for several reasons.  Mr. Cooley does not allege how long he was held in the county jail, nor does he

---

[2]The affidavit of the minor victim in this case indicates that the petitioner supplied her with alcohol.  As a result, she got sick and passed out.  The victim indicated that when she awoke the petitioner was performing oral sex on her.  She ran home and told her sister what happened.  The sister told their mother, who contacted the authorities.  See pp. 22 & 35, docket entry no. 2.  The petitioner does not indicate whether DNA samples were taken at the time of the incident and how, under the circumstances, a DNA test would exonerate the petitioner.  The burden of producing exculpatory evidence is on the petitioner, and the Court is not required to conduct an evidentiary hearing to develop evidence on this issue.  *See Battle v. Delo*, 64 F.3d 347 (8th Cir. 1995, *cert. denied*, 517 U.S. 1235 (1996).

demonstrate with specificity how he was prevented from filing his Rule 37 petition. In particular, the absence of a law library at the county jail, even if proven, does not necessarily prevent a petitioner from filing a Rule 37 petition. The general allegations of Mr. Cooley in this regard do not establish cause for his failure to comply with state procedural requirements.

In summary, Mr. Cooley entered guilty pleas in this case, stating, among other things, that he was thinking clearly, giving up his right to remain silent, right to a trial, and explicitly stating that he was satisfied with his attorney's performance. Pp. 29-31, docket entry no. 2. His attempts to now challenge his convictions are barred both by the statute of limitations and by the doctrine of procedural default. As a result, we recommend that the petition for writ of habeas corpus be denied with prejudice and the case dismissed.

IT IS SO ORDERED this __18__ day of December, 2006.

*H Daniel Young*

UNITED STATES MAGISTRATE JUDGE